'FILED
SUPERIOR COURT
OF GUAM

2023 JUN 23 PM 3: 17

CLERK OF COURT

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| JACQUELINE MARIE CEPEDA TUNCAP,<br><br>Plaintiffs,<br><br>vs.<br><br>JOSHUA REY PEREDA,<br><br>Defendants. | CIVIL CASE NO. CV0497-22:<br><br>**DECISION AND ORDER DENYING IN PART AND GRANTING IN PART RULE 12(B)(6) MOTION TO DISMISS AN AMENDED COMPLAINT** |

The Court addresses Defendant Joshua Pereda's motion to dismiss Plaintiff Jacqueline Tuncap's Amended Verified Complaint. The Court denies the Motion to Dismiss in relation to the actual fraud claim but grants the Motion to Dismiss regarding the fraud in the inducement claim.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Tuncap initially filed her Verified Complaint on September 19, 2022, alleging fraud and fraud in the inducement. Pereda filed a Motion to Dismiss the Verified Complaint arguing that the complaint made "vague allegations" and should therefore be dismissed for failure to state a claim for relief. The Court dismissed the complaint on February 10, 2023, as the Verified Complaint failed to provide the necessary factual basis to establish the elements of its claims. Additionally, the Court granted Tuncap leave to amend., Tuncap filed an Amended Verified Complaint, which Pereda has, once again, moved to dismiss.

The relevant facts contained in the Amended Verified Complaint that are nearly identical to those contained in the Verified Complaint are as follows:

1. "Plaintiff and Defendant cohabitat[ed] and are the parents of two minor children." Am. Compl. ¶ 4 (Mar. 13, 2023).

ORIGINAL

2. "Defendant induced Plaintiff into an agreement whereby Plaintiff would join Defendant in the acquisition of a loan for construction of a residence" that "Defendant was the fee simple owner of." *Id.* ¶¶ 5–6. "Parties obtained financing in both names." *Id.* ¶ 7.

3. "Plaintiff paid or caused to be paid the mortgage on said property for a period of time." *Id.* ¶ 8.

4. "Defendant executed a deed of gift to Plaintiff and himself and delivered" Plaintiff a copy. *Id.* ¶ 9, Ex. A.

5. However, "Defendant wrongfully failed and/or refused to file the subject Deed of Gift at the Government of Guam Department of Land Management. *Id.* ¶¶ 11.

The Amended Verified Complaint contains two relevant facts that were not included in the Verified Complaint:

1. "Defendant subsequently stated on the record in a hearing in the Superior Court that the subject Premises were jointly owned by the Parties and assured Plaintiff that he had filed the Deed." *Id.* ¶ 10

2. "Defendant refinanced the premises without the knowledge and permission of Plaintiff and thereby wrongfully encumbered Plaintiff's share and cashed out her equity, all constituting further fraud and oppression upon Plaintiff." *Id.* ¶ 13

## II. LAW AND DISCUSSION

### A. Tuncap adequately pleads Actual Fraud.

"A Rule 12(b)(6) motion tests the sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "Guam law only requires a short and plain statement of the claim showing entitlement to relief." *Ukau v. Wang*, 2016 Guam 26 ¶ 52. However, "[f]raud claims are special matters that are subject to a heightened pleading standard." *Id.* ¶ 35. "In all averments of fraud

[], the circumstances constituting fraud [] shall be stated with particularity. Malice, intent, knowledge, or other conditions of mind of a person may be averred generally." GRCP 9(b). Although a plaintiff is not required "to prove a claim of fraud at the pleading stage," they must set forth the "claim with sufficient detail to provide notice to defendants as to what particular fraudulent action is being alleged." *Ukau*, 2016 Guam ¶ 47. Finally, on a motion for dismissal for failure to state a claim, the Court must "construe the pleadings in the light most favorable to the non-moving party, and resolve all doubts in the non-moving party's favor." *Taitano v. Calvo Finance Corp.*, 2008 Guam 12 ¶ 9 (quoting *First Hawaiian Bank v. Manley*, 2007 Guam 2 ¶ 9).

On the issue of actual fraud, there are five elements: (1) a misrepresentation; (2) knowledge of falsity (or scienter); (3) intent to induce reliance; (4) justifiable reliance; and (5) resulting damages. *Trans Pac. Exp. Co. v. Oka Towers Corp.*, 2000 Guam 3 ¶ 23. The Amended Verified Complaint alleges that Pereda informed Tuncap that he filed the deed and represented to the Superior Court that the property was jointly owned. However, Pereda did not file the deed and has since claimed that the property is not jointly owned. Since Pereda made these statements but did not file the deed, he knew that the information he provided to the Court and Tuncap was untrue. Additionally, Tuncap has alleged facts to show that these statements were made to induce her reliance by ensuring her continued investment in the property and lack of conflict over its ownership. Tuncap alleges facts to show that this reliance was justified as Pereda made these statements regarding the deed and her co-ownership of the property to her in the context of their relationship and even under oath in court. Finally, Tuncap alleges facts to show she suffered damages by investing in a property to which her name is not listed on the deed filed with the Department of Land Management and through Pereda's cash-out refinance of the property, whereby he removed the equity in the property that was provided, in part, by her. Therefore, the

ORIGINAL

Amended Verified Complaint has established a claim for relief regarding the actual fraud claim as Tuncap has alleged the necessary factual basis.

### B. Tuncap fails to plead Fraud in the Inducement adequately.

"Fraud in the inducement is fraud occurring when a misrepresentation leads another to enter into a transaction with a false impression of risks, duties, or obligations involved." *Gov't of Guam v. Kim*, 2015 Guam 15 ¶ 42 (internal quotations omitted). "[F]raud in the inducement arises out of a separate and independent duty from the contract itself." *Id.* Tuncap has failed to provide any new facts in the Amended Verified Complaint regarding the fraud in the inducement claim. The only change in the Amended Verified Complaint that is related to the fraud in the inducement claim is an amendment to the fifth paragraph in which the words "Parties entered" was amended to "Defendant induced Plaintiff." Compl. ¶ 5 (Sept. 19, 2022); Amend. Compl. ¶ 5. This language change provides no factual basis for the fraud in the inducement argument; it merely inserts conclusory legal terminology regarding this claim. Therefore, the Court dismisses the fraud in the inducement claim for the same reasons contained in its February 10, 2023 Decision and Order.

## III.    CONCLUSION AND ORDER

Based on the foregoing, the Court DENIES the Motion to Dismiss the actual fraud claim as the Amended Verified Complaint incorporates the relevant factual basis for this claim but GRANTS the Motion to dismiss the fraud in the inducement claim for the same reasons provided in the Court's prior Decision and Order.

**SO ORDERED** 23 June 2023.

HON. ELYZE M. IRIARTE
**Judge, Superior Court of Guam**

ORIGINAL

Appearing Attorneys:

William B. Pole, Esq., Law Office of William B. Pole, PC, for Plaintiff Jacqueline Marie Cepeda
    Tuncap

Rachel Taimanao-Ayuyu, Esq., Law Office of Rachel Taimanao-Ayuyu, for Defendant Joshua R.
    Pereda

SERVIC. . . . . . . . . . .
I acknowledge that an electronic
copy of the original was e-mailed to:

POLE

Ayuyu

Date: _____ Time: 6/22/2_

Joseph Barnobison

Deputy Clerk, Superior Court of Guam

ORIGINAL